IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE BANK OF NEW YORK MELLON
formerly known as the Bank of New York
on behalf of CIT Mortgage Loan Trust 2007-1,

            Plaintiff,

    v.

JOHN A. GLAVIN, GABRIELLE GLAVIN,[2]
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. as nominee for Accredited
Home Lenders, Inc., UNIFUND CCR PARTNERS,
CITIBANK (SOUTH DAKOTA) N.A., UNITED
STATES OF AMERICA and WISCONSIN RIVER
CO-OP SERVICES,

            Defendants.

OPINION AND ORDER

10-cv-765-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John A. Glavin has filed a notice of removal of a state foreclosure action filed in the Circuit Court for Juneau County, Wisconsin. In the underlying complaint, plaintiff The Bank of New York Mellon alleges that defendants John and Gabrielle Glavin are failing to make the monthly payments on their mortgage on a piece of real estate in Clearfield, Wisconsin.

---

[1] For the purposes of issuing this order, I am assuming jurisdiction over the case.

[2] For the sake of clarity, I will refer to defendant John Glavin as "defendant Glavin" throughout this opinion. I will refer to defendant Gabrielle Glavin by her full name.

Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed originally in the federal court. 28 U.S.C. § 1441. In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332. In his notice of removal, defendant Glavin invokes the court's diversity jurisdiction.

There are two problems with defendant Glavin's notice of removal. First, it is unclear whether the court can exercise diversity jurisdiction over this case given that the United States of America is listed as a defendant. The United States is not a citizen of a state for diversity purposes, so federal courts cannot exercise diversity jurisdiction over cases involving the United States or its agencies. General Railway Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991).

This raises the question whether I should dismiss defendant United States from the

2

case in order to save diversity jurisdiction.  Courts may dismiss "dispensable" parties under Fed. R. Civ. P. 21.  E.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1271 (7th Cir. 1996).  It is unclear whether the United States is an "indispensable" party.  In its complaint, plaintiff alleges that the United States has "an interest in the subject real estate by reason of a Federal Tax Lien" and "[that] interest is sought to be terminated in this foreclosure action."

Fed. R. Civ. P. 19 sets forth a two-part test for ascertaining whether a party is indispensable. First, the court must determine

> (1) if in the [party's] absence, complete relief cannot be accorded among those who are already parties, or (2) if the [party] claims an interest relating to the subject of the action and is so situated that disposition of the action in its absence may (i) impair or impede its ability to protect that interest, or (ii) leave any of the [parties] already joined subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.

North Shore Gas Co. v. Salomon Inc., 152 F.3d 642, 647 (7th Cir. 1998) (citing Fed. R. Civ. P. 19).  If the court concludes that one of these criteria is satisfied, it then decides "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Fed. R. Civ. P. 19(b).  A party is indispensable only if the court finds that the action cannot proceed in its absence.  North Shore Gas Co., 152 F.3d at 648; Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990).

I will give the parties a chance to brief the issue whether the United States is an indispensable party using this framework.  Defendants Glavin and the United States will have until May 24, 2011 to submit briefs on this issue.  The other defendants are free to

submit briefs on this issue by May 24, but they are not required to do so. Plaintiff will have until June 6, 2011 to file a response.

Second, even if the United States' presence as a defendant does not doom defendant Glavin's notice of removal, it is not clear whether complete diversity exists in this case. Glavin is the only party whose citizenship is identified in the complaint or notice of removal. In his notice of removal, Glavin states that his citizenship cannot be the same as the other parties because he is a "real sovereign sentient man, a citizen of the Wisconsin Republic" and not a citizen "of the De facto Federal State of Wisconsin." This "sovereign citizen" argument has been rejected repeatedly by courts. See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shop worn" and frivolous). Given Glavin's statements, I will assume that he is a citizen of Wisconsin. Likewise, because defendant Gabrielle Glavin has submitted virtually identical allegations of her citizenship in another recent case, Capital One Bank v. Glavin, no. 10-617-slc (W.D. Wis.), dkt. #1, I will assume that she is a citizen of Wisconsin.

In order for this court to exercise diversity jurisdiction over this case, defendant Glavin will have to show that he and the other defendants are citizens of different states from those in which plaintiff The Bank of New York Mellon is a citizen. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction [] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met."). In order to accomplish this, Glavin will

4

need to submit a supplement to his notice of removal that verifies the citizenship of each of the other parties in this case. He will have until May 24, 2011 to do so. Failure to comply with this deadline will result in the remand of the case.

Defendant Glavin should note the following in preparing his supplement. For the purpose of diversity jurisdiction, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); <u>Metropolitan Life Insurance Co. v. Estate of Cammon</u>, 929 F. 2d 1220, 1223 (7th Cir. 1991). This rule is not applicable to partnerships and other non-corporate business entities. Limited liability partnerships and limited liability companies (but not limited liability corporations) have citizenship of each of their partners or members, respectively. <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998).

There is a final issue. Review of Wisconsin's online database of court records seem to show that the state court continued to hold proceedings in the case following its receipt of defendant Glavin's notice of removal. Wisconsin Consolidated Court Automation Programs, http://wcca.wicourts.gov (last visited May 9, 2011). This would run contrary to 28 U.S.C. § 1446(d), which states that upon removal "the State court shall proceed no further unless and until the case is remanded." The record shows that the state court received plaintiff's notice of removal on December 6, 2010, yet issued an order resolving default judgment and summary judgment motions on December 7, 2010 and then entered judgment on December 17, 2010. Wisconsin Consolidated Court Automation Programs (last visited May 9, 2011). This leads to the possibility that the state court judgment is void,

even if it turns out that the case was improperly removed. Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882); Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 841-42 (1st Cir. 1988) (temporary restraining order issued by state court void); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254-1255 & 1255 n.11 (11th Cir. 1988) (any subsequent state court proceedings regarding the removed matter are void *ab initio*, even if case improperly removed); Medrano v. Texas; 580 F.2d 803 (5th Cir. 1978); Victory Cabinet Co. v. Insurance Co. of North America; 183 F.2d 360, 361 (7th Cir. 1950).

However, given the dearth of recent precedent and the lack of detail in the online record of the state court proceeding, I will ask the parties and the state court to provide further clarity on this issue. I will give defendant Glavin until May 24, 2011 to submit a brief on this issue, explaining what occurred in the state court regarding his notice of removal and the subsequent judgment. The other defendants may have until May 24 to submit briefs on this issue but are not required to do so. Plaintiff will have until June 6, 2011 to file a response. Also, I will direct the clerk of court to send a copy of this opinion and order to the Circuit Court for Juneau County, Wisconsin and request that the circuit court to transmit the record of proceedings in case no. 2009cv342 to this court.

ORDER

IT IS ORDERED that

1. Defendants John Glavin and the United States of America have until May 24, 2011 to submit briefs on the issue whether the United States is an indispensable party. The

other defendants are free to submit briefs on this issue by May 24, 2011, but they are not required to do so. Plaintiff The Bank of New York Mellon has until June 6, 2011 to file a response.

2. Defendant Glavin has until May 24, 2011 to submit a supplement to his notice of removal verifying the citizenship of every party in this case other than himself and defendant Gabrielle Glavin.

3. Defendant Glavin has until May 24, 2011 to submit a brief regarding the state court's entry of judgment following receipt of Glavin's notice of removal. The other defendants are free to submit briefs on this issue by May 24, 2011, but they are not required to do so. Plaintiff The Bank of New York Mellon has until June 6, 2011 to file a response.

4. The clerk of court is directed to send a copy of this opinion and order to the Circuit Court for Juneau County, Wisconsin and request that the circuit court transmit the record of proceedings in case no. 2009cv342 to this court.

Entered this 10th day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge