IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YORK ON BEHALF OF CIT MORTGAGE LOAN TRUST 2007-1 <br><br>                              Plaintiff <br><br>         Vs. <br><br> JOHN A. GLAVIN; GABRIELLE GLAVIN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.; UNIFUND CCR PARTNERS; CITIBANK (SOUTH DAKOTA) N.A.; UNITED STATES OF AMERICA; WISCONSIN RIVER CO-OP SERVICES; <br><br>                              Defendants | Case No. 10-cv-765-slc |

## **MOTION TO REMAND**

NOW COMES The Bank of New York Mellon Formerly Known as The Bank of New York on Behalf of CIT Mortgage Loan Trust 2001-1 (hereinafter "Movant"), through its attorney, Andrew E. Houha of Johnson, Blumberg & Associates, LLC, and states as follows:

1.      On September 4, 2009, Movant filed its state court foreclosure proceeding in the

Juneau County, Wisconsin Circuit Court.  Said foreclosure complaint was filed

against the above mention defendants and the case was given case number 09 CV

342.

Andrew E. Houha
andrew@johnsonblumberg.com
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

2.    Defendant John A. Glavin was served with a summons and complaint on September

12, 2009.  Subsequently, an answer and counterclaim were filed by the Defendant on

September 28, 2009.

3.    Subsequently, a motion to dismiss the counterclaim was filed by the Movant and the

motion was heard by the Juneau County Circuit Court on May 21, 2010, at which

time the court dismissed the Defendant John A. Glavin's counterclaim and said order

was entered on the Juneau County Circuit Court docket on May 25, 2010.

4.    Subsequently, on September 16, 2010, a scheduling conference was held at which

time, the court entered an order giving Plaintiff until October 18, 2010 to file its

motion for summary judgment, giving Defendants until November 8, 2010 to file

responses to Plaintiff's motion and giving the Plaintiff until November 29, 2010 to

file any reply to any responses.  The court further ordered that it would set any further

hearings after all pleading were filed, if necessary.

5.     Movant filed its motion for summary judgment in the Juneau County Circuit Court

On October 18, 2010.  No responses to the motion for summary judgment were filed

by any of the defendants.

6.    On December 3, 2010, the Defendant, John A. Glavin filed his Notice of Removal

with this court.

7.    For reasons unknown, on December 7, 2010, the Juneau County Circuit Court entered

its judgment of foreclosure against all parties.

8.    The Defendants notice of removal is defective for the following reasons:

   a.  Notice of Removal was not filed within 30 days after receipt by the Defendant

       John A. Glavin, as required by 28 U.S.C. § 1446(b)

b.  Notice of Removal was defective because it did not contain a short and plain statement of the grounds for removal, as required by 28, U.S.C. § 1446(a).

c.  As Defendant John A. Glavin is a citizen of Wisconsin and the original proceeding filed by the Movant was filed in the Juneau County Circuit Court, removal is prohibited by a defendant who is a citizen of the State in which the original action is brought pursuant to 28 U.S.C. § 1441(b).

d.  Notice of Removal was filed more than 1 year after commencement of the action by the Movant making the case non-movable pursuant to 28 U.S.C. § 1446(b).

e.  The Defendant failed to give Movant notice (written or otherwise) of the removal of this action as required by 28 U.S.C. § 1446(d).

f.  While it is difficult to determine the subject matter basis  relied upon by the Defendant in his Notice of Removal, it appears that diversity jurisdiction is being used and as such, the Defendant failed to provide a complete jurisdictional citizenship analysis for the court to determine whether diversity jurisdiction exists.

9.  As the Defendant failed to provide Movant with notice of his intent to remove this case from the Juneau County Circuit Court to this Court, Movant was unaware of this pending removal action until May 13, 2011, when its counsel received this Court's May 10, 2010 Opinion and Order raising whether remand should be ordered.

10.  Pursuant to 28 U.S.C. § 1447(c) a motion to remain on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  As the Defendant failed to provide notice to the Movant of his notice of removal, Movant should not be prejudiced to being able to raise non-

jurisdictional defects in the Defendant's Notice of Removal and Movant's 30 day

deadline should begin to run as of May 10, 2011, the date that this court entered its

Opinion and Order raising jurisdictional issues related to diversity.

WHEREFORE, The Bank of New York Mellon Formerly Knowns as The Bank of New York on Behalf of CIT Mortgage Loan Trust 2001-1 prays for the entry of an order remanding this case to the Juneau County, Wisconsin Circuit Court, non pro tunc to December 4, 2010, and for such other and further relief as this court may deem just.

/s/ Andrew E. Houha

Andrew E. Houha, Wis. Bar No.  1083758
Attorney for The Bank of New York Mellon
Formerly Knowns as The Bank of New York on
Behalf of CIT Mortgage Loan Trust 2001-1

Andrew E. Houha
andrew@johnsonblumberg.com
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
**THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY**
**INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YORK ON BEHALF OF CIT MORTGAGE LOAN TRUST 2007-1 <br> Plaintiff <br><br> Vs. <br><br> JOHN A. GLAVIN; GABRIELLE GLAVIN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.; UNIFUND CCR PARTNERS; CITIBANK (SOUTH DAKOTA) N.A.; UNITED STATES OF AMERICA; WISCONSIN RIVER CO-OP SERVICES; <br> Defendants | Case No. 10-cv-765-slc |

## AFFIDAVIT OF SERVICE

State of Illinois

        ss

County of Cook

Andrew E. Houha, first being duly sworn on oath deposes that he is an employee of Johnson, Blumberg & Associates, LLC, attorneys for the Movant herein, and that he served this Motion to Remand by mailing a copy to the parties named below at the addresses listed below by depositing the same in the U.S. Mail, first class, postage prepaid at 230 W. Monroe St., Chicago, IL 60606 on or before 5:00 p.m. on June 6, 2011.

John A. Glavin, North 9855 19th Ave., Necedah, WI 54646
Richard D. Humphrey, U.S. Attorney, P.O. Box 1585, Madison, WI 53701-1585

/s/ Andrew E. Houha
Andrew E. Houha

Subscribed and sworn to before me on
June 6, 2011
/s/ Kathryn Alvarez
Kathryn Alvarez

_____
Notary Public
Cook County, State of Illinois
My commission expires: 08/11/2012